## 11553

### RAST v. HUTTO

#### (123 S. E., 791)

USURY—PAYMENT HELD USURIOUS, AND LENDER MUST FORFEIT ALL INTEREST AND DOUBLE AMOUNT RECEIVED.—Payment for use of $900, of which $100 had been paid, of $25 a month for seventeen months *held* usurious as against contention payments were in consideration of extension of time and that lender must forfeit all interest and double amounts so received.

Before DEVORE, J., Lexington, September, 1923. Affirmed.

Action by G. F. Rast against W. B. Hutto. From an order striking out a reply to a counterclaim and giving judgment, the plaintiff appeals.

The circuit decree follows:

This is an action by the plaintiff, G. F. Rast, on note and mortgage given to secure the said note, both having

been duly executed by the defendant, W. B. Hutto, to the plaintiff herein on the 13th day of July, A. D. 1920, due the 13th .day of September, A. D. 1920, for $900.00, interest at eight per cent. per annum after maturity, the mortgage covering all the household and kitchen furniture of the Swansea Hotel and all furniture and fixtures of a two-chair barber shop. Plaintiff asks for the sum of $800.00, with interest thereon from the 13th September, 1920, or possession of the personal property described in said mortgage. It is a claim and delivery suit based upon a past due mortgage. Two credits are alleged in the complaint as follows: $79.17 on November 17, 1920, and $20.83 on December 15, 1920. The defendant in his answer admits the execution of the note and mortgage and the credits named, but claims that he paid as interest to the plaintiff $25.00 per month on note and mortgage for the months of July, August, September, October, November, and December, 1920, and January, February, March, April, May, June, July, August, September, October, and November, 1921, making a total of 17 payments of $25.00 each, in all $425.00, all of which sums as defendant claims was demanded and paid by him as interest. These payments are alleged to have been usurious, paid and received as interest, and as such was usury, and caused the plaintiff to forfeit all interest in his debt of $900.00, and the sum double the amount so collected is set up as a counterclaim or set-off to the claim of the plaintiff. It is further alleged in the answer of the defendant that the plaintiff charged and collected from him as interest on note and mortgage sued on herein, for the months beginning November 16, 1921, to March, 1922, $20.00 per month on said note and mortgage, making total of $100.00 demanded and received by the plaintiff from the defendant as interest on said note and mortgage sued on herein, that such charges are and were usurious, and by such usurious charges and receipts of such amounts on said debt the plaintiff forfeited to the defendant

double the amount so charged, or $200.00, which sum was set out as a counterclaim to the claim of plaintiff on note and mortgage, and the plaintiff is now due the defendant by reason of such usurious charges the sum of $200.00. It is alleged that the total of the alleged usurious charges amounted to $525.00, and double this amount was forfeited to the defendant by plaintiff, or $1,050.00, and the debt, after deducting the credits, amounting to $100.00, was $800.00, and the forfeiture canceled the debt evidenced by the note and mortgage, and left the plaintiff due the defendant the sum of $250.00 and costs. To this answer the plaintiff replied, admitted the payments alleged in the answer and counterclaim, and alleged that such payments were made as an indulgence not to close plaintiff's papers, note and mortgage, and paid and received by virtue of the extension of time of the said papers until defendant could raise the money or make other arangements. On such pleadings defendant gave notice of motion to strike out the reply to the answer and counterclaim, and to ask for judgment on the pleadings on the counterclaim. The matter is before me on this motion. It is admitted that the defendant made the payments alleged in the answer. But it is insisted by the plaintiff that such payments were made by virtue of a new contract to extend the time for payment of the note and mortgage. Defendant claims that such payments were usurious, and by such receipt of such payments plaintiff forfeited all interest and double the amount so paid and received. It seems to me that such payments were made for the use of this money loaned. I see no other consideration, and, to my mind, it is clearly usurious. A charge for the use of $900.00 after $100.00 had been paid for one month of $25.00 would be $300.00 for twelve months. This sum for the amount still due, $800.00, is certainly, in my opinion, without legal justification. In this case $425.00 were paid, as plaintiff claims, for extension of time, as defendant claims, for interest. Anyway, no credit

was given for such payment, and from the admissions it could only be on the debt. I think on the pleadings it is clear that the note has been satisfied, as the amounts received were usurious, and plaintiff should forfeit all interest and double the amount so received, or the sum of $1,050.00; taking from this amount the $800.00 still due, leaves the plaintiff indebted to the defendant in the sum of $250.00, and I so hold.

On motion of E. L. Asbill and E. A. Blackwell, attorneys for the defendant, it is ordered: That the charge of usury has been sustained by the pleading herein; that the motion of the defendant be granted in allowing no interest on note and mortgage of plaintiff sued, and in allowing the defendant double the amount paid in the sum of $1,-050.00, the admitted payments amounting to $525.00 or $25.00 per month for seventeen months and $20.00 per month for five months; that the note and mortgage of plaintiff be canceled and delivered up and marked satisfied; and that the defendant have judgment on his counterclaim against the plaintiff in the sum of $250.00 and costs, and that complaint of plaintiff be dismissed.

*Messrs. Efird & Carroll,* for appellant, cite: *New contract made by extension for payment:* 7 Cyc., 732, 897, 898, 899, 900. *Usury not sustained by pleadings:* 38 S. C., 183; 88 S. C., 525; 30 S. C., 391.

*Messrs. E. L. Asbill* and *E. A. Blackwell,* for respondent, cite: *Interest regulated:* 3 Code 1922, Secs. 3638, 3639; 29 A. & E. Enc. L., 460. *Usury:* 39 Cyc., 918, 941; 51 S. C., 550; 1 McC., 350; 3 Strob., 151; Webb, Usury, 379–80; Tyler, Usury, 354-5; 114 S. C., 364; 76 S. C., 450; 77 S. C., 141.

July 18, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Judge DeVore has so completely and satisfactorily set -out the facts in this case, and his conclusions are so just that we will not add anything to his order. Let it be reported, as it is affirmed.

Messrs. Justices Watts, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.